UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMUEL VALDEZ,

    Petitioner,

  v.

FRED CANTRELL JR,

    Respondent.

CASE NO. C19-628 RSM

ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter is before the Court on United States Magistrate Judge Mary Alice Theiler's Report and Recommendation ("R&R") advising that the Court dismiss this action. Dkt. #7. Petitioner has objected. Dkt. #8. Finding dismissal appropriate, the Court adopts the R&R.

    Petitioner captioned his action as a "Notice of Appeal of State Court Civil Judgment." Dkt. #1. Petitioner cited to no statutory basis supporting his action and did not include an application to proceed in forma pauperis ("IFP"). *Id.* Subsequently, Petitioner filed a "Declaration and Application to Proceed in Forma Pauperis in a Federal Habeas Action."[1] Dkt. #5. Therein, Petitioner indicated that his action was brought pursuant to § 2254. *Id.*

---

[1] The Court notes that the form specifically informs applicants "DO NOT use this form if you are bringing a civil action." Dkt. #5.

ORDER – 1

On review, Judge Theiler reasonably interpreted Petitioner's filing as a habeas petition pursuant to 28 U.S.C. § 2254. Dkt. #7 at 1. This conclusion was all the more reasonable as Petitioner's action indicated that he sought to challenge a *civil* state court judgment and § 2254 permits prisoners to challenge *criminal* state court judgments and sentences. *Id.* However, because § 2254 does not provide Petitioner the ability to challenge his state court civil judgment, Judge Theiler recommends dismissal of the action. *Id.* at 1–2.

Petitioner has timely objected to the R&R, indicating that he did not intend to file a habeas petition pursuant to § 2254 but intended to file "a Civil Appeal of the State Court actions in a Civil Case when the State Court violated the Appealants [sic] Constitutional Rights." Dkt. #8 at 1, 2. Petitioner further indicated that he mistakenly filed a habeas corpus IFP application and requests that he be allowed to correct any errors. *Id.* at 2.

The Court concludes that the action should be dismissed for the reasons articulated in the R&R and the reasons identified in this Order. The Court is sympathetic to Petitioner's errors and requests for leeway. However, this action has been misclassified from filing because of Petitioner's errors. The Court further notes that Petitioner does not identify a clear path that permits him to "appeal" his state court civil judgment before this Court. If Petitioner does not proceed pursuant to habeas statutes, he must proceed by § 1983 action. Petitioner's current filing does not appear to invoke § 1983 or fully state a claim under that provision. Further, the Court notes significant jurisdictional concerns. The *Rooker-Feldman* doctrine prevents federal district courts from otherwise exercising jurisdiction in a narrow set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 54 U.S. 280, 284 (2005) (quotation marks omitted). The nature of Petitioner's action appears to be precisely this.

For all these reasons, dismissal is warranted. However, the dismissal is without prejudice to allow Petitioner to remedy the numerous issues and properly refile his action—if he may.

Accordingly, having reviewed the R&R and Petitioner's objections, the Court finds and ORDERS that:

1. The Report and Recommendation (Dkt. #7) is ADOPTED.
2. Petitioner's pending application to proceed in forma pauperis (Dkt. #5) is DENIED as moot.
3. This action is DISMISSED without prejudice.
4. A certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c).
5. This action is CLOSED.

Dated this 12th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3